UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br>PETER T. SANTILLI, JR.,<br><br>　　　　　　　　Defendant. | Case No. 2:16-cr-00046-GMN-PAL<br><br>**ORDER**<br><br>(Mot Compel Prod – ECF No. 1081) |

　　　　Before the court is Defendant Peter T. Santilli, Jr.'s ("Santilli") Motion to Compel Production of Oregon Discovery (ECF No. 1081), which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has reviewed the Motion, Defendant Steven Stewart's Joinder (ECF No. 1084), the government's Response (ECF No. 1183), and Santilli's Reply (ECF No. 1189).

## BACKGROUND

　　　　Santilli is charged in a superseding indictment returned March 2, 2016, with:

- Count One – Conspiracy to Commit an Offense Against the United States in violation of 18 U.S.C. § 371. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Two – Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372. This charge arises from conduct that allegedly occurred sometime between March of 2014 and March of 2016.

- Count Four – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Five – Assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Six – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Seven – Threatening a federal law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B) and § 2. This charge arises from conduct that allegedly occurred on April 11, 2014.

- Count Eight – Threatening a federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Nine – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Ten – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 6, 2014.

- Count Eleven – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 9, 2014.

- Count Twelve – Obstruction of the due administration of justice in violation of 18 U.S.C. § 1503 and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Thirteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly occurred between April 2, 2014, and April 9, 2014.

- Count Fourteen – Interference with interstate commerce by extortion in violation of 18 U.S.C. § 1951 and § 2. This charge arises from conduct that allegedly on April 12, 2014.

- Count Fifteen – Use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) and § 2. This charge arises from conduct that allegedly occurred on April 12, 2014.

- Count Sixteen – Interstate travel in aid of extortion in violation of 18 U.S.C. § 1952 and § 2. This charge arises from conduct that allegedly occurred sometime between April 5, 2014 and April 12, 2016.

### I.     Santilli's Motion to Compel

In the current motion, Santilli seeks "access to everyone that was interviewed by the FBI and all the social media that was extracted by all parties involved in the" Malhuer National Wildlife Refuge ("MNWR") protest/prosecution in the District of Oregon. Santilli was initially charged as a defendant in the District of Oregon case arising out of a takeover of the refuge by protestors. The prosecution against him was dismissed shortly before trial in September, 2016. He argues he is entitled to all of the discovery produced in the Oregon prosecution asserting, (1) the Oregon discovery shows an ongoing relationship between Nevada defendants continuing through the MNWR protest, and no affiliation with other Oregon-only defendants "that could lead to discovery of exculpatory or impeachment evidence that could raise doubt about whether Nevada-only

2

defendants are members of the same joint conspiracy as the jointly-charged defendants; (2) the requested discovery may be relevant to witness bias, interest and impeachment; and (3) the government may be obligated to produce it pursuant to the Due Process clause of the United States Constitution and *Brady v. Maryland*, 373 U.S. 83 (1963). He argues that because the government has custody of the Oregon discovery and because it is material "both to the jury's finding of guilt and the ability to impeach witnesses" the court should grant the motion.

## II.   The Government's Response

The government opposes the motion arguing Santilli has not described what he means by "Oregon discovery" in the Nevada case. Santilli was charged in the District of Oregon for his involvement in an armed occupation of the MNWR during January and February 2016. The Oregon prosecution against him was dismissed and he was transported to the District of Nevada for trial on the instant indictment. The government argues that there is nothing about the Oregon charges that relate to the Nevada charges. The Oregon charges arise out of events that arose almost two years after the events giving rise to this prosecution. Santilli's speculation that *Brady-Giglio* evidence may exist in discovery produced in Oregon is insufficient "to compel the prosecution team in Nevada to fish about for information in the Oregon case file, including what social media was gathered in that case." The government also points out that presumably Santilli received discovery in the Oregon case and therefore "knows what it is that he wants." Santilli and his defense team may comb through the Oregon discovery he received, or apply to the Oregon court for relief to the extent he believes there are any witnesses involved in that case who may information helpful to his defense. However, this court should deny the motion to compel the prosecution team in this case to produce discovery produced in the Oregon prosecution.

## III.   Santilli's Reply

Santilli replies that the government has a duty to retrieve discovery from Oregon that is exculpatory and cannot avoid its obligation by claiming it does not have it where an investigating agency has it. The indictment in this case alleges a continuing conspiracy which includes the time period of the conspiracy included in the protests in Oregon. The same government agencies investigated both cases, the prosecutors coordinated arranging for arrests and detention hearings,

and Nevada prosecutors flew to Oregon to handle the detention hearings of Santilli and others simultaneously charged in both districts.

Additionally, Santilli cites an internet website stating that "at the tail end of the Oregon prosecution it was discovered that 15 informants were present at the protest." There were reports one of the informants was from Las Vegas. Santilli claims that information about these witnesses is crucial to assist Santilli in cross examination if any of them were present in Nevada. The government recently disclosed an undercover agent was present in Nevada at the protest in 2014, and it is unclear whether the same undercover agent was also present in Oregon. If so, Santilli claims he is entitled to discovery from Oregon concerning this agent. Finally, Santilli demands any witness statements from a town hall meeting he attended in Oregon.

**IV.    Stewart's Joinder**

Co-defendant Stewart filed a one-line joinder asking the court to allow him to join in Santilli's Motion. *See* Stewart Joinder (ECF No. 1084).

## DISCUSSION

The charges against Santilli, Stewart, and other co-defendants have been severed for trial. Stewart is included in the first group of defendants whose trial began on February 6, 2017. Santilli is scheduled for trial in the second trial to begin 30 days from the conclusion of the first trial. None of the defendants in the first trial group were charged in the Oregon case. The government filed a Motion in Limine (ECF No. 1390) before the first trial arguing, *inter alia*, that any reference or evidence regarding certain statements and subject matter related to the Oregon case is irrelevant and inadmissible in this prosecution because the Oregon case deals with a completely separate course of conduct. Stewart filed a response stating he did "not necessarily oppose the government's motion." Resp. (ECF No. 1406).

Judge Navarro granted in part and denied in part the government's motion in limine, which sought to exclude multiple categories of statements and evidence. Order (ECF No 1518). With respect to evidence pertaining to the Malheur prosecution in Oregon, Judge Navarro found that "the Oregon case is not relevant … especially given that the activity related to the Malheur occupation began well after the events at issue in this case." She found that the Oregon case is not

4

relevant, at least with respect to the defendants in the first trial group. *See* Order (ECF No. 1518) at 3. She therefore granted the government's "request to exclude evidence and testimony regarding the Oregon case." *Id*.

Santilli's arguments that the court should compel the government to produce all of the discovery in the Oregon case are hard to follow. The events giving rise to the Oregon prosecution occurred in January and February 2016. The events giving rise to this prosecution against Santilli occurred primarily between March through April 2014. While it is certainly true that the superseding indictment in this case alleges the defendants engaged in a conspiracy to commit an offense against the United States, and a conspiracy to impede or injure a federal officer, which began in March 2014 and continued through the date of the superseding indictment (March 2, 2016), the superseding indictment makes no reference at all to the Malheur occupation or Oregon prosecution.

Santilli is correct that the government has a duty to disclose material exculpatory evidence. He is also correct that the United States Attorney's Office ("USAO") in Nevada may not avoid its constitutional disclosure obligations by claiming exculpatory evidence is not in its possession if it is in the possession of investigating federal agencies and/or the USAO in the District of Oregon. However, the government is correct that Santilli was represented by counsel in the Oregon prosecution and had access to the discovery produced in that case. He and his Oregon counsel certainly know whether any specific discovery produced in the Oregon prosecution is evidentiary and relevant to his defense of this case or potentially exculpatory. Yet, his motion asks for all of the discovery produced in the Oregon prosecution, much of which is patently irrelevant, rather than asking for specific targeted discovery.

Moreover, the discovery produced in the Oregon prosecution is subject to a protective order, entered by the Honorable Anna J. Brown, limiting disclosure of discovery to (1) the defendants in that case; (2) persons employed by the attorney of record who are necessary to assist counsel of record in preparation for trial and other proceedings in that case; and (3) persons who defense counsel deem necessary to further legitimate investigation and preparation of that case. *See United States v Bundy et al.*, Case No. 3:16-cr-00051-BR, Protective Order (ECF No. 342)

(ECF No 342). The court will therefore deny the motion to compel without prejudice to a specific, targeted request that explains what discovery produced in Oregon is potentially exculpatory and/or evidentiary and relevant to Santilli's defense of this case, and without prejudice to apply to the Judge Brown in the District of Oregon for relief from her protective order.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

1. Defendant Peter T. Santilli, Jr.'s Motion to Compel Production of Oregon Discovery (ECF No. 1081) is **DENIED without prejudice**.

2. Defendant Steven A. Stewart's Motion for Joinder (ECF No. 1084) is **GRANTED** but his request for the Oregon discovery is **DENIED on the merits** as the district judge has excluded evidence and testimony relating to the Oregon case with respect to Stewart and his co-defendants in the first trial. *See* Order (ECF No. 1518).

DATED this 23rd day of February, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE