```
1  CHRIS T. RASMUSSEN, ESQ.
   Nevada Bar No. 007149
2  RASMUSSEN & KANG, LLC
   330 S. Third Street, Suite 1010
3  Las Vegas, Nevada  89101
   (702) 464-6007
4  (702) 464-6009 (Fax)
   chris@rasmussenkang.com
5  Attorney for Peter Santilli
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-0046-GMN-PAL |
| Plaintiff, | |
| v. | |
| PETER SANTILLI, | |
| Defendant. | |

### EMERGENCY SECOND MOTION TO SEVER DEFENDANT SANTILLI FROM BEING TRIED WITH CO-DEFENDANTS OR A HEARING TO CANVASSING PROTESTING CO-DEFENDANTS

Comes now, Defendant, PETER SANTILLI, by and through his attorney, Chris T. Rasmussen, Esq., and hereby moves this Court for an order to sever Santilli from the other co-defendants if after a canvass of protesting co-defendants there is no resolution.

DATED this 6TH day of April, 2017.

/s/ Chris T. Rasmussen

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar No. 007149
330 S. Third Street, Suite 1010
Las Vegas, Nevada  89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

Santilli's other trial defendants except Cliven Bundy, have decided it is more important to protest jail procedures they feel violate their rights instead of preparing for a defense in the upcoming case in which they are facing life in prison.

As this Court is aware, Ammon Bundy came before the Magistrate in his underwear in protest. These actions are endangering Santilli's case. This upcoming trial involves the very essence of the conspiracy, the Bundy's longstanding dispute over their land rights with the federal government. But for their dispute, there is no indictment.

Santilli's case centers around his activities as an advocacy journalist and his speech which is quoted throughout the indictment as being in violation of laws, that carry an 82 year prison sentence.

Santilli has focused his defense preparation regarding the allegations he faces. The timing of the Bundy jail protests have eliminated their contact with counsel during crucial trial preparation. They will not be adequately prepared for trial in the next 30 days, unless they immediately come to their senses and start preparing for the trial with counsel.

Santilli and his defense team have been working diligently putting together over 1200 exhibits as it is becoming more apparent that the other defendants protest may spill into the trial.

Counsel for Santilli have spoken with the other trial lawyers who are doing their best to prepare without the assistance of their clients. However, they have not client control, and are merely hopeful that their clients protest will not spill over into the trial.

Severance or a hearing with all the defendants in this trial group to make a record as to their protest is essential to a fair trial for Santilli.

### II. ARGUMENT

#### A. Santilli Should Be Severed From His Co-Defendants

The grounds for the severance of Santilli's trial from that of the other defendants is

1  be premised upon Federal Rule of Criminal Procedure 14. Rule 14 provides:

<blockquote>
Relief from Prejudicial Joinder. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.
</blockquote>

Severance for prejudicial joinder under Rule 14 is discretionary. *See e.g.*, *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980).

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. *See e.g.*, *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980); *United States v. Lutz*, 621 F.2d 940 (9th Cir. 1980); *United States v. Tousant*, 619 F.2d 810 (9th Cir. 1980). A motion for severance is addressed to the trial court's discretion. *United States v. Doe*, 655 F.2d 920, 926 (9th Cir. 1980); *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980). The defendant must demonstrate that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *Doe*, 655 F.2d at 926.

Santilli's trial should be severed from that of his co-defendants as he cannot possibly receive a fair trial when three of his co-defendants are protesting.

### B. The Jury May Find Santilli Guilty by Association.

It is extraordinarily difficult for a jury to follow admonishing instructions and to keep separate evidence that is relevant only to co-defendants.

<blockquote>
A co-defendant in a conspiracy trial occupies an uneasy seat. This generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather flocked together.
</blockquote>

*Krulewitch v. United States*, 336 U.S. 440, 454 (1949). Santilli's defense is wholly different than the that of the other defendants. Santilli is the only person in the media that was indicted. Santilli will be forced to defend the entire case if the defendants conduct

1  continues.

## Conclusion

Thus, we request that this Court conduct a hearing to canvass the protesting defendants prior to severance.

DATED this 6th day of April, 2017

/s/ Chris T. Rasmussen

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar No. 007149
330 S. Third Street, Suite 1010
Las Vegas, Nevada  89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant