STEVEN W. MYHRE
Acting United States Attorney
District of Nevada
NICHOLAS D. DICKINSON
NADIA J. AHMED
PETER S. LEVITT
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-00046-GMN-PAL |
| Plaintiff, | |
| v. | **GOVERNMENT'S OPPOSITION TO DEFENDANT SANTILLI'S MOTION TO SEVER (ECF No. 1833)** |
| PETER T. SANTILLI, | |
| Defendant. | |

**CERTIFICATION**:  The undersigned certify that this response is timely filed.

The United States, by and through the undersigned, respectfully files this response in opposition to defendant Peter Santilli's Motion to Sever Defendant Santilli from Being Tried with Co-Defendants or a Hearing to Canvassing (sic) Protesting Co-Defendants which Santilli filed on April 6, 2017 ("Def. Mot."). For the reasons set forth below, the Motion should be denied; Santilli fails to demonstrate manifest prejudice from his joinder in the Superseding Indictment.

**DISCUSSION AND REQUEST**

Along with Cliven, Ryan, and Ammon Bundy and Ryan Payne, Santilli is set to be tried in Trial 2, commencing on June 26, 2017.  ECF No. 1872.  Despite the foregoing, Santilli asserts that his "trial should be severed from that of his co-defendants as he cannot possibly receive a fair trial when three of his co-defendants [Ryan and Ammon Bundy and Ryan Payne] are protesting" against jail conditions. Def. Mot. at 3. This assertion is meritless.

After exhaustive briefing, full argument before Magistrate Judge Leen, and the magistrate's subsequent, 27-page order of December 13, 2016 (ECF No. 1108) ("Mag. Sever. Or."), this matter was severed into three separate trials. This Court, therefore, has already ruled that severance into three "trial tiers" is appropriate under Rule 14(a) and the circumstances of this case. *See* ECF No. 971 at 7-12 (government explains why three-part severance is demonstrably preferable to a single "mega-trial" or 17 individual trials) (citing, among other cases, *United States v. Mancuso*, 130 F.R.D. 128, 130 (D. Nev. 1990)). Santillli offers no reason why, based on his co-defendants' complaints about their jail conditions, this Court should upend its correct, reasoned order of severance.  Should Santilli's worries about his co-defendants actually come to pass, he can, like any co-defendant in a multi-defendant trial, seek cautionary admonishments and instructions that require jurors to consider the "evidence" (that is, not the outbursts of the litigants) separately as to each defendant. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 540-541 (1993) (ruling that the "risk of [spillover] prejudice " can "be cured with proper

instructions . . . . Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence [that] may be applicable to him or to her . . . .") (internal quotations omitted).

Falling far short of demonstrating the sort of manifest prejudice needed for severance, therefore, Santilli's motion fails. *See, e.g., United States v. Christensen*, 624 F. App'x 466, 477 (9th Cir. 2015), *cert. denied*, No. 16-461, 2017 WL 69212 (U.S. Jan. 9, 2017) ("Defendants have failed to establish that the joint trial with Pellicano was 'manifestly prejudicial.'") (quoting *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir.1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000)); *see also Zafiro*, 506 U.S. at 540 ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials.").

Finally, the government respectfully suggests that the "canvass" requested by Santilli (apparently in alternative) be denied. Santilli states, without evidence, that Ryan and Ammon Bundy and Ryan Payne "have decided it is more important to protest jail procedures they feel violate their rights" than it is to "prepar[e] for [sic] a defense in the upcoming case in which they are facing life in prison." Def. Mot. at 2. While his own attorney (Santilli assures us) has "been working diligently" on his trial defense, his co-defendants have allegedly been more focused on their protests. *See id.* ("They will not be adequately prepared for trial in the next 30 days, unless they immediately come to their senses and start preparing for the trial with counsel."). Speculating "that the other defendants [sic] protest may spill into the

trial," Santilli demands—if this Court denies severance—"a hearing with all the defendants in this trial group to make a record as to their protest is essential to a fair trial for Santilli." *Id.*

While Santilli's precise meaning is unclear, it is evident that no "hearing" is necessary for him to "make a record" on these matters. To the extent his co-defendants have filed motions complaining (among numerous other things) about jail conditions, those motions are already *in* the record. To the extent Santilli fears that his co-defendants may misbehave or protest during Trial 2, this Court is well aware of: 1) the many procedural tools it possesses to curb such misconduct; 2) how to admonish jurors to disregard such misconduct, to consider only the "evidence" (not in-court outbursts), and to *not* allow any "protests" to prejudice them against *any* defendants; and 3) how to instruct the jury that the trial evidence must, in holding the government to its stringent "beyond a reasonable doubt" standard, be considered against each particular defendant, as to each particular count. No pretrial "hearing" (or "canvass") is needed to ensure such compliance.[1]

---

[1] Santilli elsewhere states: "Santilli is the only person in the media that was indicted. Santilli will be forced to defend the entire case if the defendants [sic] conduct continues." Def. Mot. at 2-3. These claims lack merit. Santilli is charged in the same overarching conspiracy (to assault and obstruct federal officers, among other objects) as all the defendants in Trial 2. That he claims to be a "person in the media" is legally irrelevant to his participation in this criminal conspiracy. Moreover, irrespective of how his co-defendants behave in court, or what type of defense they choose to present, Santilli—represented by experienced counsel—knows that he will be tasked with defending himself, and no one else. And finally, the government notes that when Magistrate Judge Leen announced at the omnibus motions hearing (in December 2016) that no further argument would be entertained, Santilli personally (and aloud) accused the Magistrate of a "cover up!" Santilli's attempt to portray himself as a courteous, respectful litigant—while at the same time portray his co-defendants as irresponsible miscreants—is thus suspect.

**WHEREFORE**, for the foregoing reasons, the government respectfully requests that this Court enter an order denying Santilli's motion for severance.

**DATED** this 20th day of April, 2017.

Respectfully,

STEVEN W. MYHRE
Acting United States Attorney

*/ / s / /*
_____
NICHOLAS D. DICKINSON
NADIA J. AHMED
PETER S. LEVITT
Assistant United States Attorneys
ERIN M. CREEGAN
Special Assistant United States Attorney

*Attorneys for the United States*

5

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of the United States Attorney's Office.  A copy of the foregoing **GOVERNMENT'S OPPOSITION TO DEFENDANT SANTILLI'S MOTION TO SEVER (ECF No. 1833)** was served upon counsel of record, via Electronic Case Filing (ECF).

**DATED** this 20th day of April, 2017.


                                                    */ / s / /*
                                        _____
                                        STEVEN W. MYHRE
                                        Acting United States Attorney

6