UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>PETER T. SANTILLI, JR.,<br>Defendant. | Case No. 2:16-cr-00046-PAL-GMN<br><br>ORDER<br><br>(Mot. Sever – ECF No. 1833) |

Before the court is Defendant Peter T. Santilli Jr.'s ("Santilli") Motion to Sever (ECF No. 1833). This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the motion, and the Government's Response (ECF No. 1879). No reply was filed and the time for filing a reply expired April 27, 2017.

**BACKGROUND**

Santilli is one of 19 defendants charged in a 16 count superseding indictment. He has been severed for trial and scheduled to be tried with co-defendants Cliven Bundy, Ammon Bundy, Ryan Bundy, and Ryan Payne after trial of the third tier defendants. In the current motion, Santilli seeks an order severing him from the other co-defendants with whom he is set for trial "if after a canvassing of protesting co-defendants there is no resolution." The motion claims that his other co-defendants, except Cliven Bundy, "have decided it is more important to protest jail procedures they feel violate their rights instead of preparing for a defense in the upcoming case in which they are facing life in prison." Ammon Bundy recently came to court in his underwear in protest. Santilli has focused his defense to prepare for the allegations he faces. The timing of the Bundy jail protests has eliminated their contact with counsel during crucial trial preparation, and Santilli fears he will not be adequately prepared for trial unless they "immediately come to their senses

and start preparing for the trial with counsel." The motion represents that counsel for Santilli has spoken with the trial counsel for his co-defendants who are doing their best to prepare without the assistance of their clients. However, counsel do not have client control "and are merely hopeful that their clients' protests will not spill over into the trial." Santilli argues that he should be severed from the trial of his co-defendants because he cannot possibly receive a fair trial when three of his co-defendants are protesting.

The government opposes the motion arguing Santilli has failed to demonstrate manifest prejudice from his joinder with his co-defendants. Santilli, Cliven, Ryan and Ammon Bundy, and Ryan Payne are set to be tried in the second of three groups for trial. Severance motions have been exhaustively briefed and fully argued resulting in the court's 27-page Order (ECF No. 1109), entered December 13, 2016, severing the case into three separate trials. The court has already ruled that severance into three trial tiers is appropriate under Rule 14(a), and the circumstances of this case. Santilli offers no reason why, based on his co-defendants' complaints about their jail conditions, the court should upend its "reasoned order of severance." If Santilli's concerns about his co-defendants' conduct actually come to pass, he can seek cautionary admonishments and instructions that require jurors to consider the evidence separately as to each defendant.

The government also asks that the court deny Santilli's request that the court canvass his co-defendants. The government states it is unclear why Santilli wants a hearing to make a record as to his co-defendants' protests. There are a number of motions filed on the record by his co-defendants that address their complaints about jail conditions. To the extent Santilli fears that his co-defendants may misbehave or protest during the second trial, the court has many procedural tools to curb misconduct. It may admonish jurors to disregard misconduct and consider only the evidence in court rather than individual defendant outbursts, and instruct the jury to ensure that the government is held to its stringent, beyond a reasonable doubt burden of proof. No pretrial hearing or canvas is needed.

**DISCUSSION**

Santilli has taken various positions over the course of this case regarding severance and with whom he should be tried. He initially argued he should be severed from all of his co-

defendants and tried by himself. *See* Santilli's Mot. to Sever (ECF No 429). In his initial severance motion, he argued he has a "wholly different defense" than his co-defendants because he was merely covering events taking place at the Bundy ranch as a new breed of journalist. He claimed his activities were protected speech under the First Amendment. He also claimed that being tried with Cliven Bundy would prejudice him because of certain actions and tactics taken by former counsel for Cliven Bundy, which had "caused a rift" that had spilled over to him.

In response to the government's motion to sever the case into three groups for trial, Santilli reiterated his request for a separate trial, but argued in the alternative that all of the defendants be tried in a single trial. *See* Response (ECF No. 1052).

The court entered an Order (ECF No. 1109) denying Santilli's first Motion to Sever (ECF No. 429) on December 13, 2016. Counsel for Santilli filed a Motion to Reconsider Magistrate Judge's Order Severing His Trial Date (ECF Nos. 1118). In his motion to reconsider, he asked that the district judge overrule the undersigned's order setting the first group of defendants for trial on February 6, 2017. He argued that the most expeditious way to try this case would be to take the first 8 to 11 defendants named in the superseding indictment to trial first. This group was labeled by the government as leaders and organizers. He maintained that the "normal method" of placing the top half of defendants into a trial "always resolves the remaining defendants in a case." He reasoned that trying the "first and most involved group" first has historically resolved a case as a whole. He stated he wanted to be tried with the first 8 to 11 defendants because these were the defendants alleged to have organized the protest at the Bundy ranch. He had spent months preparing with others to present a group defense based on the notion that he would be tried with the Bundy family members with whom he is alleged to have conspired. His defense would be bolstered by being within the first group of defendants as they were all at different places during the alleged unlawful conduct, and the perspectives of each of the defendants' own witnesses and individual testimony would enhance their case in chief.

Chief District Judge Gloria M. Navarro noted that Santilli had not cited any legal authority or case law to support his argument, found that the undersigned's order was not clearly erroneous or contrary to law, and therefore denied his motion. *See* Order (ECF No 1214).

Santilli now seeks a severance from Ammon Bundy, Ryan Bundy and Ryan Payne "if after a canvass of protesting co-defendants there is no resolution" because his perception is that they are more interested in protesting the conditions of their confinement than preparing for trial. The only inappropriate courtroom conduct Santilli cites is Ammon Bundy's decision to come to court in his underwear in protest. The court is informed that Ammon Bundy refused to dress out and was transported to court in his underwear to appear before Judge Navarro on March 24, 2017, at a sealed ex parte hearing to consider a pro hac vice petition. *See* Sealed Ex Parte Mins. of Proceedings (ECF No. 1759). The district judge addressed this issue with him, made it clear this conduct would not be tolerated, and that he would be relegated to participating in the trial through his attorney and listening to the proceedings via audio if he failed to comply with court orders and appropriate court decorum.

For the December 9, 2016 hearing before the undersigned, Ammon and Ryan Bundy took the position, as articulated by counsel and standby counsel, that it was the U.S. Marshal Service's responsibility to take them into court and refused to walk in of their own volition. The court granted the request of counsel and standby counsel to confer before the hearing began. Counsel confirmed that their clients had the ability to walk in but were declining to do so. The court declined to order the USMS to use physical force to bring them in, made sure they could listen to proceedings in the holding cell, and advised them that if they changed their minds they could enter the courtroom at any time during the hearing. The court is not aware of any instance in which Ryan Payne has engaged in any inappropriate courtroom conduct.

Although Santilli previously had concerns about the tactics of former counsel for Cliven Bundy, the current motion articulates no concerns about Mr. Bundy or his counsel.

Santilli's motion does not describe the jail protests of co-defendants Ryan and Ammon Bundy or Ryan Payne about which he is concerned. He does not specify how their jail protests have affected his own trial preparation, other than stating they are spending more time protesting than he thinks prudent given their upcoming trial. These defendants have filed motions addressing their disagreements with certain conditions of their confinement. The motions and the court's

///

orders deciding them are part of the record. Santilli does not articulate what type of canvass of his protesting co-defendants the court should conduct, or what he thinks it would accomplish.

Finally, as a footnote in the government's response points out, Santilli has not always been a model of appropriate courtroom decorum himself.

In short, the court has many procedural tools to address any inappropriate courtroom conduct by Santilli's co-defendants. The court finds Santilli has not met his burden of demonstrating undue prejudice of such a magnitude that, without severance, he will be denied a fair trial. *See United States v Jenkins*, 633 F 3d 788, 807 (9th Cir. 2011). A joint trial is particularly appropriate in a conspiracy case because the concern for judicial economy is less likely to be outweighed by possible prejudice to the defendants when much of the evidence would be admissible against each of them in separate trials. *Id.*; *United States v Fernandez*, 388 F 3d 1199, 1242 (9th Cir. 2004) (internal citations and quotations omitted).

**IT IS ORDERED** Santilli's Second Emergency Motion to Sever (ECF No. 1833) is **DENIED**.

DATED this 1st day of May, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE