# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:16-cr-00046-GMN-PAL |
| vs. | **ORDER** |
| MICAH MCGUIRE, MELVIN D. BUNDY and PETER T. SANTILLI, | |
| Defendants. | |

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Peggy A. Leen, (ECF No. 1562), denying Defendant Micah McGuire's ("McGuire's") Motion to Suppress, (ECF No. 706). McGuire timely filed his Objection, (ECF No. 1609). Melvin D. Bundy ("Bundy") and Peter T. Santilli ("Santilli") filed Motions for Joinder to the Objection, (ECF Nos. 1633, 1640), and the Government timely filed a Response, (ECF No. 1698).

## I. BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging nineteen defendants with sixteen counts related to a confrontation on April 12, 2014, with Bureau of Land Management ("BLM") Officers in Bunkerville, Nevada. (ECF No. 27). The fourth trial in this case, is set to begin on February 26, 2018. (*See* ECF No. 3132).

The underlying Motion seeks to suppress all evidence collected from the government's search of McGuire's Facebook account, which was obtained based on a search warrant issued by a magistrate judge in this district. (*See* Mot. to Suppress, ECF No. 706). On November 14, 2017, McGuire withdrew his Motion to Suppress. (*See* Mins. of Proceedings, ECF No. 2857).

Despite McGuire's withdrawal of the Motion, the Court will still address the Motions for Joinder to the substantive arguments in McGuire's Objection.

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III. DISCUSSION

To challenge the validity of the search warrant, a defendant must show he personally had "a property interest protected by the Fourth Amendment that was interfered with . . ., or a reasonable expectation of privacy that was invaded by the search." *United States v. Lopez-Cruz*, 730 F.3d 803, 807 (9th Cir. 2013) (quoting *United States v. Padilla*, 508 U.S. 77, 82 (1993)). When a person has no ownership interest in the place or thing searched, he must have a reasonable expectation of privacy to claim a violation of his Fourth Amendment rights. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1187 (9th Cir. 2015).

Bundy and Santilli move to join McGuire's Objection, (ECF Nos. 1633, 1640), however, they do not provide any evidence that their reasonable expectation of privacy was infringed upon. *See United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009) (citing *United States v. Taketa*, 923 F.2d 665, 669 (9th Cir. 1991)). Bundy states that he is "similarly situated to Defendant Micah McGuire as both are charged in the Government's Superseding Indictment" but does not provide the Court with any legal basis regarding his individual Fourth Amendment standing. (Motion for Joinder 1:23–24, ECF No. 1633). Indeed, Judge Leen

denied Bundy's request to join McGuire's Motion to Suppress for lack of standing. (*See* Order 20:2–3, ECF No. 1562).

Similarly, Santilli's Motion for Joinder does not provide any details about how McGuire's Objection applies to a search or seizure of Santilli's property or an invasion of his privacy. (*See* Motion for Joinder, ECF No. 1640). McGuire's Objection applies only to the warrant that authorized the search of McGuire's property recovered from his personal Facebook account. (*See generally* Obj., ECF No. 1609). The Court finds that Bundy and Santilli do not have a reasonable expectation of privacy in McGuire's Facebook account that was searched. Therefore, both Bundy and Santilli lack standing to join in the substantive arguments raised by McGuire in his Objection to the Report and Recommendation. Accordingly, Bundy and Santilli's Motions for Joinder are DENIED and the Report and Recommendation is DENIED as moot.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 1562), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Bundy and Santilli's Motions for Joinder, (ECF Nos. 1633, 1640), are **DENIED**.

**DATED** this __2__ day of February, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court