UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>CLIVEN D. BUNDY, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:16-cr-00046-GMN-PAL<br><br>ORDER<br><br>(Mot Unseal – ECF No. 3010) |

This matter is before the court on further proceedings related to Intervenors' Motion to Unseal (ECF No. 3010). At a hearing conducted January 8, 2018, the district judge granted in part and denied in part Intervenors' motion to unseal, and referred the matter to the undersigned to set a status hearing, preferably within three weeks, to assess whether documents filed under seal pursuant to the court's Protective Order (ECF No. 609) should remain sealed. *See* Minutes of Proceedings (ECF No. 3116) and Transcript (ECF No. 3130).

The court set the matter for a status conference on January 29, 2018. *See* Notice of Hearing (ECF No. 3141). At the January 29, 2018 hearing, counsel for Intervenors, counsel for the United States, and counsel for defendant Cavalier appeared. No other defendant or defense counsel appeared or has appeared in subsequent hearings conducted on Intervenors' motion.

In preparation for the first hearing, the court directed the clerk's office to prepare a sealed data report reflecting all docket entries sealed in this case. The court carefully reviewed the report and personally redacted a handful of entries which the court determined were either confidential and/or privileged. A copy of the sealed data report was provided to all counsel present at the January 29, 2018 hearing[1]. The court ordered the clerk's office to make the sealed report available

---

[1] Intervenors have not objected to the court's redactions and describing the nature of the redactions would disclose highly sensitive, confidential information.

1

to any pro se defendant or defense counsel requesting access temporarily subject to the Protective Order (ECF No. 609) entered in this case. The defendants and their counsel were given an opportunity to review the sealed data report to allow them to consider whether any additional data or information on the report should be sealed or redacted. No pro se defendant or defense counsel requested a copy of the report, or requested any further redaction or sealing of it.

The sealed data report is a 68-page document containing approximately 6-10 docket entries per page describing the nature of the documents filed under seal. The court carefully reviewed the sealed data report and summarized the categories of documents that had been sealed during the initial hearing on this matter. The hearing was open to the public, and an official record of the proceeding was recorded. The categories of documents filed under seal consist of:

1. Arrest warrants;
2. Sealed minutes of grand jury returns;
3. Sealed AO 257 forms;
4. Defendants' financial affidavits to secure appointed counsel;
5. Rule 5 documents from districts of arrest;
6. Sealed status reports of the court-appointed coordinating discovery attorney, Russell Aoki;
7. Sealed applications and orders for Rule 17 subpoenas, and subpoena returns indicating whether the subpoenas were executed or unexecuted;
8. Sealed motion hearings and minutes regarding attorney-client issues and privileged communications, work product and case strategy;
9. Motions to seal individual documents attached to various motions;
10. Motions regarding CJA appointments, e.g., requests for funds, assistance of paralegals, investigators, and other resources and the reasons advanced by defense counsel for why the requested funds were requested in aid of an adequate defense;
11. Motions to withdraw or substitute as counsel containing confidential communications between attorneys and clients;
12. Defendants' sealed witness lists;

13. Orders regarding in camera submissions finding the government was not required to disclose the information submitted;

14. Defendants' motions for approval of case budgets[2];

15. Sealed exhibits to motions in limine and motions for acquittal or to dismiss;

16. Jury verdicts and jury notes containing the juror's name(s). (Verdicts and jury notes were filed on the public record redacted of the juror's name);

17. Minutes of hearings regarding CJA budget requests and justifications for those items in aid of an adequate defense;

18. Defendants' objections to pre-sentence investigation reports and motions for downward departure;

19. The parties' trial briefs;

20. Transcripts of proceedings ordered sealed by the trial judge;

A transcript of the January 29, 2018 hearing was not requested, however, it was on the record and an official audio record of the proceeding is maintained by the clerk's office. During the hearing, the court discussed the best method to address the Intervenors' request to evaluate whether documents filed under seal should remain sealed. After hearing from counsel for the parties present, the court gave the government 30 days to review the report cross-referencing documents that had been unsealed during pretrial and trial proceedings so that they could be immediately unsealed elsewhere on the docket. The court also gave Intervenors an opportunity to review the report to prioritize the documents Intervenors' counsel were most interested in having reviewed first. Further proceedings in this matter were continued to March 6, 2018.

At the March 6, 2018 hearing, counsel for the United States, and counsel for Intervenors appeared as well as counsel for defendant Cavalier. *See* Minutes of Proceedings (ECF No. 3208). No pro se defendant or defense counsel had requested a copy of the sealed data report following the January 29, 2018 hearing, and no pro se defendant or defense counsel requested any further redactions or sealing of the sealed data report itself. The court therefore lifted the seal on the redacted sealed data report and allowed its' public dissemination. During the March 6, 2018

---
[2] Public access was provided to the amount spent in defense of this case by category.

hearing, counsel for Intervenors produced a copy of the sealed data report marked with Nos. 1, 2 and 3 indicating the first second and third tier priority of documents Intervenors were requesting the court review and assess for the appropriateness of maintaining the documents under seal. Counsel for Intervenors indicated that if no number was next to the docket entry no request was made to unseal these documents. The court gave the government 30 days to review the Intervenors' annotated report and set the matter for further proceedings on April 10, 2018. The government was ordered to review the docket entries in Tier 1 to identify docket entries to which it no longer objected to unsealing. The government did so and submitted a proposed order unsealing documents after the hearing which the court approved in an Order (ECF No. 3246) entered on May 3, 2018.

At the April 10, 2018 status check, the court continued the matter for further proceedings to June 5, 2018 to consider the parties' positions with respect to the remaining Tier 2 & 3 docket entries. The court subsequently granted the parties' stipulation to continue the hearing to June 12, 2018. *See* Stipulation (ECF No. 3249) and Order (ECF No. 3251).

At the hearing on June 12, 2018, counsel for the United States and Intervenors appeared and presented arguments. The court reviewed the parties' written submissions regarding unsealing ECF filings identified by Intervenors in Tiers 2 and 3. With respect to those docket entries to which the United States had no objection to unsealing the court required the government to file a proposed order (ECF No. 3257) which was entered on June 13, 2018 (ECF No. 3261).

These series of hearings and orders substantially reduced the number of disputes regarding the propriety of documents remaining sealed on the court's docket. This order resolves the remaining disputes concerning 28 documents which the government maintains should remain sealed over Intervenors' objections. With respect to the remaining sealed documents still disputed, the court makes the following findings:

1. **<u>Arrest Warrants</u>**

   - Cliven Bundy Arrest Warrant (ECF No. 2)
   - Ryan Bundy Arrest Warrant (ECF No. 8)
   - Ammon Bundy Arrest Warrant (ECF No. 9)
   - Ryan Payne Arrest Warrant (ECF No. 11)

4

The government objects to producing the arrest warrants because they are not related to the merits of the case and contain the defendants' personal identifying information. These arrest warrants consist of two pages on a standard Administrative Office form (AO 442 (Rev. 11/11) Arrest Warrant). The first page of the arrest warrant identifies the name of the individual whose arrest is judicially authorized, the type of charging document authorizing the arrest, the offenses charged, the date, time, city and state where the arrest warrant was issued, and the issuing judicial officer's signature. The second page of the arrest warrant contains personal identifying information including the person's date of birth, social security number and last known residence. This information is provided for law-enforcement only use to execute the arrest warrant. All of the information contained on the first page of the warrant is publicly available on the court's docket. The Complaint (ECF No. 1) is publicly available and identifies each of the defendants charged, the offenses charged, and the probable cause supporting the charges. The complaint also identifies the judicial officer issuing the complaint. The only information from the arrest warrants not on the public docket is the personal identifying information which is confidential and protected. The court therefore **DENIES** intervenors request to unseal the arrest warrants.

2. ***Ex Parte* Motion to Unseal**

- Ex Parte Motion to Unseal Search Warrant (ECF No. 329)

This is the government's motion to unseal search warrants and their corresponding applications, sealing orders and affidavits for production to defendants and their counsel in discovery. The sealed motion contains personal identifying information of the defendants such as their identification numbers and account numbers. The court therefore **DENIES** the intervenor's request to unseal this motion.

3. **Jury Documents**

- Jury Documents (ECF No. 1566)
- Jury Verdict signed by foreperson (ECF No. 1904)
- Jury Verdict (Parker, Stewart, Drexler and Lovelien) (ECF No. 2289)
- Notice of Manual Filing re: Supplemental Jury Questionnaires (ECF No. 2797)

On February 1, 2017, the district judge entered an order *sua sponte* on jury-anonymity issues related to the trial set to begin on this February 6, 2017 (ECF No. 1463). The order is not

sealed and is available on the public docket. In summary, the district judge found that the record in this case reflects that there has been extensive publicity and commentary in traditional and social media of the incident in Bunkerville, Nevada giving rise to the charges. She found that the publicity and commentary reflected strong opposing views concerning defendants' alleged conduct and the reasons the defendants might assert for protesting governmental action as well as the methods they may have chosen for doing so. The court noted there were several occasions during the pendency of this case when: (1) pro-defendant demonstrators had congregated at the public entrance in front of the courthouse where the trial was to take place; and (2) telephone, email, and U.S. mail messages received by the court protesting defendants' prosecution and at time threatening presiding judicial officers and those involved in the court process.

The district judge found that if jurors' names and personally-identifiable information were publicly disclosed, there would be an unacceptable, continuous, and significant risk that jurors would be contacted or otherwise exposed to external information and influences about the case. The district judge concluded that it was necessary to enter a Protective Order in this case requiring partial juror anonymity to protect jurors from the possibility of contact by any media or any members of the public. She found good cause to prohibit the public disclosure of jurors' names and personally-identifiable information. However, she concluded it was equally important to defendants' fundamental rights to permit the parties, their counsel, and their paralegals and/or investigators to have access to the identities of the prospective jurors, subject to a protective order. She therefore entered a protective order prohibiting the parties and members of their litigations teams from disclosing the names and personally-identifying information of potential jurors and trial jurors outside of their litigation teams.

The district judge's order specified that her protective order would remain in effect until further order of the Court. The district judge referred further proceedings related to Intervenors' motion to unseal documents filed under seal pursuant to the court's Protective Order (ECF No. 609) to me. Juror information was sealed pursuant to the district judge's order regarding juror anonymity and the undersigned lacks jurisdiction to review her order. Intervenors' request to unseal this information is therefore **DENIED.**

4. **Grand Jury Documents**

- Motion to Dismiss (Stewart, Parker, Drexler) (ECF No. 1493)
- Motion to Dismiss (ECF No. 3085).

The government objects to unsealing the motions and exhibits because they contain grand jury material subject to the secrecy requirements of Rule 6(e) of the Federal Rules of Criminal Procedure. However, to the extent the court authorizes disclosure under Rule 6(e), the government has no objection. Exhibit D to the Motion to Dismiss (ECF No. 1493) consists of a brief excerpt from the grand jury testimony of BLM Supervising Special Agent (SSA) Dan Love. It does not disclose any information not already available on the public record. With respect to the Motion to Dismiss (ECF No. 3085), the exhibit to the motion consists of the grand jury testimony of BLM Special Agent Larry Wooten who was part of the Gold Butte Investigative Team beginning in May of 2014. Most, if not all, of the information he provided in testimony before the grand jury has been publicly disclosed.

The court therefore authorizes disclosure under Rule 6(e) and will order these documents **UNSEALED**.

5. **OIG Report**

- Motion for the Unredacted OIG Report (ECF No. 1807)
- Motion to Dismiss or for Other Relief in Light of Office of Inspector General (OIG) Disclosures (ECF No. 2727)
- Payne's Reply to Govt. Response to Motion to Dismiss (ECF No. 2727) (ECF No. 2847)

The government represents that the OIG report is available on the OIG's public website redacted of the names of witnesses and others identified during the OIG investigation. The report and supporting attachments exceed 1300 pages. OIG informed government counsel that the attachments are subject to disclosure under the Freedom of Information Act (FOIA). The government argues that OIG is in a better position to balance the public's right to the report and supporting documents against the privacy and security rights of the individuals involved applying the 9 FOIA exceptions.

The OIG report was cited by the defendants in support of their motions for mistrial and to dismiss based on arguments the government violated its duty to disclose exculpatory evidence or *Brady* material. The district judge explained the basis for her order granting a mistrial and ultimately dismissing the case with prejudice against the moving defendants in hearings open to the public and transcribed and filed on the public record. *See* Transcripts of Proceedings, (ECF No. 3049 & 3122).

In the January 8, 2018 hearing granting the mistrial she identified the *Brady* material she found was evidence the government failed to produce that bolstered the defense and useful to rebut the government's case. She also identified the documents that she found the government willfully failed to disclose that were potentially exculpatory, favorable and useful to the defense. Specifically she identified documents and evidence pertaining to a law enforcement surveillance camera in proximity to the Bundy home; the existence of law enforcement snipers and/or officers in tactical gear carrying AR-15s during the impoundment operation including an unredacted TOC log; maps produced by the government on December 15, 2017; and Internal Affairs information that SSA Love requested the FBI to place a surveillance camera during the impoundment operation[3]. The OIG report and its contents were not among the documents she identified supporting her decisions.

The district judge ordered production of an unredacted copy of the OIG report and its supporting documents to the defense finding that it "details several violations of federal ethics violations, misuse of government property, misuse of a government position, and 'a lack of candor when interviewed.'" Order, (ECF No 1556). She found the report could be used on cross-examination to impeach SSA Love citing Fed. R. Evid. 608(b) which permits cross-examination on specific instances of misconduct "if probative of truthfulness or untruthfulness." The order is in the public record. The government did not call SSA Love as a witness at trial. The OIG report does not involve any alleged ethical violations or other misconduct relating to this investigation or

---

[3] The district judge noted that this information was originally "misidentified as being an OIG report." Transcript (ECF No. 3049) 18:20-22.

8

prosecution. As such, the report is only tangentially related to the merits of this case. The court will therefore **DENY** Intervenors' request to unseal the report.

6. **BLM Impoundment Organizational Chart**

- Exhibit 2 to Motion to Dismiss (ECF No. 2848)
- Exhibit G to Motion to Dismiss for Continuing Pattern of Brady & Other Discovery Violations (ECF No. 2959)
- Exhibit No. 6 to Government's ECF No. 3000 (ECF No. 3004)
- Exhibit 14 to Government Brief re: Mistrial ECF No. 3081 (ECF No. 3083)

The government objects to disclosure of the names and identifying information of the civilian and law enforcement employees on the chart to protect their privacy and prevent them from being harassed and intimidated. The government's brief (ECF No 3218) provides multiple examples of ongoing threats against those involved in the impoundment operation, and prosecutors made through March of 2018. Chambers and court staff continued to receive harassing, and at times threatening, communications about this case through the first half of this year. The court finds compelling reasons to order the organization charts produced redacted of the names and personal information. Intervenors' request to unseal the organization chart is therefore **GRANTED in part and DENIED in part.**

7. **U.S. Attorney's Office Discovery Log**

- Exhibit H to Motion to Dismiss Based on Discovery Provided on November 17, 2017 (ECF No. 2883)
- Exhibit A to Response to Motion to Dismiss (ECF Nos. 2856, 2833, 2906) (ECF No. 2914)
- Exhibit 6 to Exhibits to Govt. Brief re: Mistrial ECF No. 3081 (ECF No. 3083)

The discovery log was attached as an exhibit to Payne's motion to dismiss based on discovery produced by the government on November 17, 2017, and as an exhibit to the government's responses listed above. The motions and responses are all unsealed. The discovery log contains a great deal of private information and redaction would be time-consuming. The information the parties deemed material to their claims and defenses is in the public record. The information the district judge found material to her decisions of these motions is also in the public record. The log itself was used to show what the government produced in discovery and when. The log itself is only tangentially related to the merits of the motions and responses to which it was attached. The court therefore **DENIES** Intervenors' request to unseal the log.

9

8. **Sealed Transcripts**

- Sealed Transcript of Evidentiary Hearing on 10/23/2017 (ECF No. 2806)
- Sealed Transcript of Jury Trial 12/11/2017 (ECF No. 3012)

The district judge ordered these transcripts sealed. This court lacks jurisdiction to review her order.

9. **Wooten Email and Memorandum**

- Supplement to Motion to Dismiss ECF No. 2959 (ECF No. 2978)
- Motion to Dismiss, Disqualify, Unseal and Enjoin Prosecution (ECF No. 2980)
- Supplement to Supplemental Memorandum in Support of Joint Motion #2980 (Cliven Bundy) (ECF No. 3032)

The Wooten email and related memorandum was produced subject to the initial protective order (ECF No 609) and a more restrictive protective order issued under seal by the district judge (ECF No 3232). It was produced by the government on December 8, 2017. Within a week of its production the email was leaked. publicly disclosed and published by multiple media outlets. During oral argument counsel for Intervenors acknowledged the email is publicly available online. Intervenors' request to unseal the Wooten email is moot. Moreover, ordering the email that was leaked in flagrant disobedience of the court's orders unsealed would condone open disrespect for the orders of this court. Intervenors' request to unseal is therefore **DENIED**.

10. **Order and Report & Recommendation**

- 2313 re: R&R re MTD (ECF No. 1878)

The United States objects because the order and report and recommendation contain information from the unredacted, non-public OIG report. However, if the order is disclosed, the United States asserts the names should be redacted. The references to the OIG report in the order and report and recommendation explain the reasons for the court's decision. The court will order the document unsealed redacted of the names of SSA Dan Love's subordinates referred to on page 3 lines 7 & 8. Intervenors' request to unseal is therefore **GRANTED in part and DENIED in part.**

11. **Jail Calls**

- Exhibits to ECF No. 2948, Response to Motion to Dismiss ECF No. 2842 (ECF No. 2949)
- Supplement to Reply to Response to Motion #2975 (Payne) (ECF No. 2976)

The government objects to unsealing the exhibits because they are summaries of information about the defendants' jail calls in which the defendants have privacy interests. Payne's Motion to Dismiss was based on the government's collection of jail calls of a co-defendant Cooper while he was awaiting transport from the District of Oregon to Nevada, some of which were alleged to be attorney-client privileged communications. Payne's motion to dismiss feared that the government may have obtained privileged jail communications with his defense team. The government's response to the motion was publicly filed. The substance of the parties' claims and defenses regarding these calls in in the public record. The court will therefore **DENY** Intervenors' request to unseal the summaries of the jail calls.

For the reasons explained,

**IT IS ORDERED**:

1. Intervenors' request to unseal the 28 documents remaining in dispute is **GRANTED in part and DENIED in part** consistent with the provisions of this decision and order.
2. The government shall have until **November 5, 2018** to file a redacted version of the BLM Impoundment Organizational Chart on the public docket,
3. The Clerk of Court shall unseal the documents ordered unsealed, and redact the Order and report and Recommendation (ECF No. 1878) as directed by this Order.

DATED this 22nd day of October, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE