**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA, )
)
        Plaintiff, )   Case No.: 2:16-cr-0046-GMN-PAL
vs. )
) **ORDER**
PETER T. SANTILLI, JR., )
)
        Defendant. )

Pending before the Court is Defendant Peter Santilli, Jr.'s ("Defendant's") Motion to Interview Roger Stone, (ECF No. 3433). The United States Probation Office for the District of Nevada provided the Court with a Report regarding Defendant's Motion, which states Probation's analysis and recommendation. For the reasons discussed below, the Court denies Defendant's Motion.

**I.   BACKGROUND**

On October 6, 2017, Defendant pleaded guilty to count two of the Superseding Indictment, Conspiracy to Impede or Injure a Federal Officer in violation of 18 U.S.C. § 372. (Plea Agreement 2:8–11, ECF No. 2638); (J., ECF No. 3336); (Min. Proceedings, ECF No. 3332); (Superseding Indictment, ECF No. 27). The Court accordingly sentenced Defendant to a total imprisonment term of time served and two years of supervised release. (J., ECF No. 3336).

As part of Defendant's term of supervised release, the Court ordered Defendant to abide by several standard and special conditions of supervision. (J. at 4–6, ECF No. 3336). One of those conditions restricts Defendant from communicating or interacting with someone whom Defendant knows is "engaged in criminal activity." (*Id.* at 4). That condition also requires

Defendant to receive permission from the US Probation Office before interacting with someone whom Defendant knows is "convicted of a felony." (*Id.*).

## II. DISCUSSION

Defendant's instant Motion requests the Court's permission for Defendant to interview Roger Stone, who, according to Defendant, is a "public figure charged federally for false statements in relation to the investigation of President Donald Trump." (Mot. Interview 2:2–6, ECF No. 3433). In review of Defendant's request, the US Probation Office's Report states that an interview of Mr. Stone creates a concern of undermining the goal of reducing Defendant's risk of recidivism during supervised release. The Report explains:

> [I]t has consistently been [Defendant's] position that he was not necessarily an affiliate of Cliven Bundy; rather, he traveled to Bunkerville, Nevada, in a journalistic capacity, to report on the Cliven Bundy story. . . . Although Stone has not been convicted of the offenses for which he has been charged, [Defendant] seems to be taking a similar position [as before] - that he is not an affiliate of Stone, but wishes to interview him in his capacity as a journalist. The probation office concludes that the potential professional or financial value [Defendant] has assigned to an interview with Stone does not outweigh our unique responsibility of placing him in the best position to succeed during the term of supervision.

The Court agrees with the US Probation Office's recommendation of denial. The similarities between these two instances provide a reasonable concern that Defendant's current request could ultimately undermine his successful completion of supervision.

Further, on February 15, 2019, the United States District Court assigned to Mr. Stone's case imposed several limited restrictions on public statements by interested participants in the matter. (*See* Order, *United States v. Roger Stone, Jr.*, Case No. 1:19-cr-00018-ABJ, at 3–4 (D.D.C. Feb. 15, 2019), ECF No. 36). That court similarly noted potential effects to Mr. Stone's case based on publicity produced by Mr. Stone himself. *Id.* Thus, denial of Defendant's Motion ensures that Defendant does not become entangled in Mr. Stone's matter, and that Defendant is in the best position to succeed during his term of supervised release.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Interview Roger Stone, (ECF No. 3433), is **DENIED**.

**DATED** this 19 day of February, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court