# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> CLIVEN D. BUNDY, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cr-00046-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Intervenor Las Vegas Review-Journal's ("Intervenor's") Motion for Public Access to Names of Jurors and Juror Questionnaires and Motion for Order Granting Motion for Public Access, (ECF Nos. 1581, 1699).

On February 1, 2017, the Court entered a Protective Order prohibiting the public disclosure of the jurors' names and personal-identifying information, which remains in effect until further order of the Court. (Protective Order 3:6–13, ECF No. 1463). In the instant Motions, Intervenor requests that the Court vacate its Protective Order and that "it be given access to juror names and voir dire questionnaires, including blank and completed questionnaires." (Mot. for Public Access 3:27–4:2, ECF No. 1581). Intervenor claims that the "Court's order indefinitely inhibits the public's rights of access and [Intervenor's] constitutionally significant role in covering this trial, a role which includes investigating the background of the people who are deciding the fates of the defendants." (*Id.* 3:22–24). Further, Intervenor argues that the Court's Protective Order violates the public's common law and First Amendment right of access. (*Id.* 3:26–27).

Empaneling an anonymous jury "is warranted only where there is a strong reason to believe the jury needs protection or to safeguard the integrity of the justice system, so that the jury can perform its factfinding function." *United States v. Shryock*, 342 F.3d 948, 971 (9th Cir.

2003). As the Court stated in its Protective Order, there have been several occasions where "telephone, email, and U.S. Mail messages have been received by the Court protesting Defendants' prosecution and at times threatening presiding judicial officers and those involved in the court process." (Protective Order 2:12–14, ECF No. 1463). The Court finds that there is still a risk that prior jurors will be contacted and harassed. For that reason, the jury questionnaires and names should remain protected at this time. *See* D. Nev. Jury Plan § 5.02. Intervenor's request for juror names and voir dire questionnaires is therefore denied.

The Court will, however, send a letter to the jurors who were empaneled for trial alerting them of Intervenor's request for their information. The letter will explain that the Court denied Intervenor's request and will not provide the juror's information, but that the jurors retain the right to contact Intervenor on their own. The letter will provide the contact information of the attorney for Intervenor as it appears on the cover of its Motions.

Accordingly,

**IT IS HEREBY ORDERED** that Intervenor's Motion for Public Access to Names of Jurors and Juror Questionnaires and Motion for Order Granting Motion for Public Access, (ECF Nos. 1581, 1699), are **DENIED**.

**DATED** this __1__ day of July, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court